**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-cv-23505-BLOOM/Louis**

PETER DAVID ULLRICH, et al.,

    Plaintiffs,

v.

CLARISSE ULLRICH, et al.,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** is before the Court upon Plaintiffs' Expedited Motion for Entry of Temporary Restraining Order and Preliminary Injunctive Relief in Aid of International Arbitration, ECF No. [5] ("Motion").[1] The Court has reviewed the Motion, the Petition for Temporary Restraining Order and Preliminary Injunctive Relief in Aid of International Arbitration, ECF No. [1] ("Petition"), all supporting materials, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

### I. BACKGROUND

On August 21, 2020, Plaintiffs filed the instant lawsuit against Defendant Clarisse Ullrich ("Defendant") and nominal Defendants Sunshine Bouquet Company ("SBC"), Flores Esmeralda S.A.S C.I. ("Flores Esmeralda"), and Flores de Tenjo S.A.S. C.I. ("Flores de Tenjo") (collectively,

---

[1] Local Rule 7.1(d)(2) requires that an expedited motion "must set forth in detail the date by which an expedited ruling is needed and the reason the ruling is needed by the stated date." The Motion does not explicitly list such a date nor relatedly explain why a ruling is required by a certain time. However, the Court assumes the requested ruling date is before August 31, 2020 given Plaintiffs' intention to file an arbitration action by that date.

"Nominal Defendants"). ECF No. [1]. The Petition seeks two claims for relief: a temporary restraining order and preliminary injunction to maintain the status quo during the pendency of an imminent Colombian arbitral proceeding (Claim for Relief One), and a temporary restraining order and preliminary injunction to require Defendant to escrow proceeds of sales transactions involving Flores Esmeralda and Flores de Tenjo and their respective assets during the pendency of the Colombian arbitral proceeding (Claim for Relief Two).

The Motion represents that the Petition and the Motion "pertain to a transaction, which may be consummated at any moment, involving significant international assets." ECF No. [5] at 7. Peter Fritz ("Mr. Fritz") was the co-founder of Esmeralda Farms Group's flower farms. *Id.* at 10. Flores Esmeralda and Flores de Tenjo are Colombian corporate entities that hold interests in such flower farms. *Id.* Mr. Fritz passed away in June 2016. Plaintiffs are two of his children and Defendant is his widowed third-wife, who married Mr. Fritz approximately a year and a half before his death. *Id.* According to Plaintiffs, in Spring 2016, Mr. Fritz, upon advice of his counsel, advised Plaintiffs that they should transfer their shares in Flores Esmeralda and Flores de Tenjo to Defendant, which they did sometime in June 2016. ECF Nos. [1-1] at ¶¶ 11-12; [1-3] at ¶¶ 11-12. On June 7, 2016, unbeknownst to Plaintiffs, Mr. Fritz executed a will naming Defendant as his sole beneficiary and the personal representative of his estate. ECF No. [5] at 11. At the time of transferring their shares, Plaintiffs were told by Mr. Fritz's lawyers that the shares they transferred were the only shares they owned in Flores Esmeralda and Flores de Tenjo.

After Mr. Fritz passed away, litigation ensued between Plaintiffs and Defendant relating to allegedly fraudulent transfer of assets from Mr. Fritz's estate. *Id.* The Motion asserts that Plaintiffs are still shareholders in Flores Esmeralda and Flores de Tenjo even though they previously transferred what they were led to believe was their only shares in the companies. *Id.* at 12.

According to Plaintiffs, Defendant has allegedly misrepresented to third parties that she owns all of the shares of Flores Esmeralda and Flores de Tenjo, and she purportedly unilaterally agreed to sell those companies, as part of a larger transaction, to SBC in June 2020 in violation of Flores Esmeralda and Flores de Tenjo's corporate bylaws. *Id.* at 8, 12. Defendant allegedly has been operating Flores Esmeralda and Flores de Tenjo without Plaintiffs' participation, she has held at least six shareholder meetings without notifying them, and she has failed to offer her shares in the companies to Plaintiffs prior to offering to sell those companies to SBC. *Id.* at 13. In Plaintiffs' view, Defendant's actions are void because they violate Colombian law and the companies' corporate bylaws. They further allege that Defendant has caused Flores Esmeralda and Flores de Tenjo to fail to comply with a Colombian court's orders compelling production of information related to the companies. *Id.* at 13-14.

According to the Motion, Defendant's alleged violations of the corporate bylaws are actionable under Colombian law and subject to arbitration there. *Id.* at 14. An impending action for arbitration in Colombia will be initiated by August 31, 2020. *Id.* at 8. The Motion represents that Plaintiffs' Colombian lawsuit will seek (i) declaratory relief that Defendant improperly caused Flores Esmeralda and Flores de Tenjo to engage in transactions without notifying Plaintiffs and that such actions are void; (ii) relief relating to Defendant's alleged failure to first offer her shares in the Colombian companies to Plaintiffs as required by the operative companies' bylaws; (iii) a declaration confirming that Defendant is not the 100% owner of Flores Esmeralda or Flores de Tenjo; and (iv) assert that Mr. Fritz's purported transfer of his shares in Flores Esmeralda and Flores de Tenjo is void because it violated these companies' corporate bylaws. *Id.* at 14-15.

Plaintiffs now move this Court, pursuant to the Inter-American Convention on International Commercial Arbitration (the "Panama Convention"), the Convention on the

Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), and the Federal Arbitration Act, 9 U.S.C. §§ 201 *et seq.* ("FAA"), to enjoin Defendant from proceeding with the closing of the transaction involving Flores Esmeralda and Flores de Tenjo to maintain the status quo during the pendency of the imminent Colombian arbitral proceedings. Plaintiffs represent that to "allow [Defendant] to close on the above-mentioned transaction would frustrate Petitioners' ability to obtain relief in the Colombian arbitral proceedings and would improperly reward [Defendant] for her misrepresentations and corporate misconduct." *Id.* at 8-9. Alternatively, Plaintiffs request that the Court "(i) order [Defendant] to cause the proceeds of the transaction involving the sale of, *inter alia*, Flores Esmeralda and Flores de Tenjo, and their respective assets, to SBC (or other third party) to be escrowed due to the risk that said proceeds will be dissipated by [Defendant] and (ii) further order that such proceeds remain in escrow during the pendency of the Colombian arbitral proceedings[.]" *Id.* at 9.

## II. DISCUSSION

The Eleventh Circuit has explained that the four factors to be considered in determining whether to grant a temporary restraining order or a preliminary injunction are the same. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225 (11th Cir. 2005). Namely, a movant must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Id.* at 1225-26 (citing *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995); *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). "The primary difference between the entry of a temporary restraining order and a preliminary injunction is that a temporary restraining order may be entered before the defendant has an adequate opportunity to respond, even if notice has been provided."

*Textron Fin. Corp. v. Unique Marine, Inc.*, No. 08-10082-CIV, 2008 WL 4716965, at *5 (S.D. Fla. Oct. 22, 2008). Further, a temporary restraining order may be granted without notice to the adverse party only if: (1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. *See* Fed. R. Civ. P. 65(b)(1).

Although not styled as an *ex parte* request for injunctive relief, the Motion nonetheless functions as such. The requirements of Rule 65(b)(1) "are not mere technicalities but establish minimum due process." *Thompson v. Ramirez*, 597 F. Supp. 726, 726 (D.P.R. 1984); *see also Vaughan v. Bank of Am., N.A.*, 2010 WL 3273052, at *1 (S.D. Ala. August 18, 2010) ("The requirements of Rule 65(b)(1) are not merely technical niceties that a court may easily disregard, but rather crucial safeguards of due process."). Thus, "[t]o obtain *ex parte* relief, a party must strictly comply with these requirements." *Emerging Vision, Inc. v. Glachman*, No. 10-80734-CIV, 2010 WL 3293346, at *3 (S.D. Fla. June 29, 2010), *report and recommendation adopted*, 2010 WL 3293351 (S.D. Fla. Aug. 11, 2010). Moreover, *ex parte* temporary restraining orders are considered to be an extreme remedy "to be used only with the utmost caution," *Levine v. Camcoa Ltd.*, 70 F.3d 1191, 1194 (11th Cir. 1995) (Hill, C.J., concurring), and "very few circumstances" justify granting such relief, *Glachman*, 2010 WL 3293346, at *4 (quoting *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006)). Ultimately, temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974).

Here, Plaintiffs have failed to set forth specific facts in an affidavit or verified complaint

that clearly show that they will suffer immediate and irreparable harm "before [Defendant] can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). No arbitration proceeding has been initiated, and Plaintiffs fail to set forth a timeline for when an actual closing is to occur, should it even proceed. In this respect, the Court notes that Plaintiffs allegedly transferred their shares to Defendant in June 2016, the intended sale of Flores Esmeralda and Flores de Tenjo was publicly announced in June 2020, Plaintiffs informed SBC by letter in July 2020 of their alleged ownership in the two companies, and yet no arbitration has been filed in Colombia despite Plaintiffs' representation that the closing "can occur at any moment." Accordingly, the status quo at this time—the mere prospect that Defendant *may* at some time try to close on the alleged sale of the companies before August 31, 2020—does not demand the imposition of an injunction.

Further, the affidavits are devoid of *specific facts* to support the contention that immediate and irreparable harm is to occur. For instance, Plaintiffs affirm that they are "very concerned that, if the transaction involving SBC's acquisition of Flores Esmeralda [or Flores de Tenjo] is consummated, any relief [they] obtain in the Colombian arbitration will be useless and the entire arbitration process will be frustrated." ECF Nos. [1-1] at ¶ 29; [1-3] at ¶ 29. These "concerns" do not show how irreparable harm will arise if Defendant closes the transaction before they initiate their supposedly "impending" arbitration. Nor do these "concerns" show how, "if the transaction involving SBC's acquisition of Flores Esmeralda [or Flores de Tenjo] is consummated, [Defendant] will not provide [Plaintiffs] with [their] share of the proceeds of the transaction." ECF Nos. [1-1] at ¶ 30; [1-3] at ¶ 30. Merely because Defendant has supposedly misrepresented to third parties that she is the sole shareholder of the companies does not support the conclusion that Plaintiffs, who claim to remain owners in the companies, will be deprived of proceeds or of their interests in the companies. Likewise, even accepting that premise, Plaintiffs fail to persuade the

Court that no legal remedies exist to correct any alleged injuries.

Additionally, the Motion fails to provide sufficient notice to Defendants so as to justify the imposition of *ex parte* injunctive relief.[2] While Plaintiffs represent that they "sent the notice of the filing of the Petition, via email, to two email addresses associated with [Defendant] and (ii) sent the Petition to counsel who represented [Defendant] in the below-referenced probate proceedings," no documentary proof has been submitted to substantiate this claim. The same concern rests with Plaintiffs' representation that on August 24, 2020, they "sent the Petition and this Motion, via email, to [Defendant's] counsel for this matter." ECF No. [5] at 7. Here, no summonses have been issued by the Clerk of Court, no service has been perfected on Defendants, and no explanation has been given to the Court as to why proper notice should be dispensed. Accordingly, the Court is unconvinced that even if injunctive relief was warranted, granting injunctive relief before Defendant has had an opportunity to respond under these circumstances would be appropriate. *See Dragados USA, Inc. v. Oldcastle Infrastructure, Inc.*, No. 20-CV-20601, 2020 WL 733037, at *3-4 (S.D. Fla. Feb. 13, 2020) (denying *ex parte* motion for temporary restraining order and preliminary injunction).

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [5]**, is **DENIED**.

---

[2] Rule 65(b)(1)(B) provides that an *ex parte* temporary restraining order may be issued only if the "movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." The Motion contains a section titled Rule 65 Certification Regarding Notice to Respondent, but there is no actual oath, affidavit, or certification from counsel.

Case No. 20-cv-23505-BLOOM/Louis

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 25, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record